[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was brought by the plaintiff, Anne E. Howley, against the defendant, Victor Melendez, who was operating a school bus owned by the defendant Stonington Bus Services as a result of an accident on February 1, 1993, at approximately 12:06 p.m. on Fern Street in the Town of West Hartford. Liability for the accident has been admitted by the defendants.
Because of the admission of liability, the court conducted a basic hearing in damages.
The plaintiff proved through her own testimony, the medical records admitted into evidence and the testimony of her treating physician, Dr. Steven S. Selden, that she sustained the following injuries as a result of the accident.:
 1) undisplaced fracture of the nose and right sided deviated septum;
 2) two fractured fingers in left (master) hand;
 3) head trauma causing multiple lacerations and abrasions of the head and face, bone fragment around right eye, corneal abrasion right eye;
4) glass in mouth and right eye;
5) loss of cervical lordotic curve rated CT Page 2899 at 5% permanent partial impairment of the cervical spine;
 6) right shoulder trauma, a subacromial bursal fluid found on MRI, rated at 5% permanent partial impairment of right shoulder;
 7) severe headaches, nausea, dizziness, ringing in ears;
 8) difficulty concentrating due to: pain, headaches, right eye blurring when reading, and from taking pain medication;
 9) shock and fright from the accident and fear of driving following the accident which she continues to experience; and
 10) physical activities for work and recreation limited as result of neck and right shoulder injuries.
It is the claim of the defendants that although the head on collision was substantial and a traumatic experience for the plaintiff, the injuries suffered were not as serious a nature as they first appeared to be and that the plaintiff had an almost complete recovery within a short period after the accident. The defendants also claim that the lost wage claim I is inconsistent with the evidence offered and that the plaintiff's own actions belie the limited extent of her claimed disability which includes a permanent 5% disability of her right shoulder and a 5% of her neck.
With respect to the loss of wage claim, the plaintiff held a series of part time jobs in group homes in various positions after the accident. From time to time she could not perform the required physical work and was forced to look for other work. Because of the various positions held by the plaintiff after the accident and the various number of hours of work and the various job functions required of the plaintiff, it is difficult to pin point plaintiff's actual loss of earnings. However, the court is satisfied that the plaintiff has satisfactorily established a wage loss claim of $26,074.00, based on earnings in 1991 of $23,028.00; 1992 of $20,990.00; 1993 of $11,397.00 and 1994 of $9,047.00. CT Page 2900
Lost income from January 1, 1995 to March 17, 1995 in the amount of $2,500.00 is also accepted.
The plaintiff's further claim of an economic loss in insurance benefits of $145.40 per month times 24 months for $3,199.00. The plaintiff has not produced any evidence of any loss on her part for this lack of insurance and the court disallows this portion of economic loss offered by the plaintiff.
The court award Economic Damages as follows:
 Medical Expenses $ 8,210.61 Lost Income 26,074.00 Garage Door Opener 25.00 Central Conn. State University 509.00 ---------- Total Economic Loss $34,818.61
With respect to the claim for non-economic damages, the plaintiff claims she underwent a frightening experience. Photos introduced as exhibits demonstrate the extreme abrasions to the plaintiff's face and head; the fracture of her two left fingers; she initially suffered from a loss of breath, had trouble breathing through her nose because of the deviated septum, her loss of weight and her fear of riding in automobiles. Most significant is the 5% permanent disability to right shoulder and neck. It was the opinion of the treating physician that these are permanent disabilities and she will have them for the rest of her life estimated to be 51.9 years. The court specifically inquired from Dr. Selden why these disabilities cannot be repaired and he explained that once the tendon and muscle involved are stretched out beyond their normal capacity they are not elastic and will never return to their normal size and shape.
The plaintiff has also been required to place a special mirror for rear viewing in her car; she no longer can swim which was one of her favorite forms of recreation, her work capacity is now limited, she can no longer fly kites and her ability to sleep at night has been greatly impaired.
Based upon the above stated disabilities and permanency, the court awards non-economic damages of $75,000.00. CT Page 2901
Total award:
 Economic Damages $ 34,818.61 Non-Economic Damages 75,000.00 ----------- Total Damages Award $109,818.61
HARRY N. JACKAWAY SUPERIOR COURT